UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARY BETH O'RILEY and NEAL C. CHAMBERS,

        Plaintiffs,

v.

WALMART, INC., BOB DELICINO, JOHN HAHN and SHERYL GIRON,

        Defendants.

3:11-CV-00232-LRH-WGC

ORDER

Before the court is Defendants' Motion to Dismiss or Motion for More Definite Statement (#23[1]). Plaintiffs filed an opposition (#28), and the Defendants replied (#29).

## I.   Facts and Procedural History

Pro se plaintiffs Mary Beth O'Riley and Neal C. Chambers filed this action on April 1, 2011, arising out of their former employment at a Wal-Mart store in Reno, Nevada. Their 57-page Amended Complaint (#10) alleges various claims under federal and state law, including discrimination, hostile work environment, retaliation, invasion of privacy, fraud, defamation, violation of whistleblower protections, racketeering, workplace health and safety violations, and blacklisting. Based on the allegations in the complaint and Plaintiffs' opposition brief, federal

---

[1] Refers to the court's docket entry number.

jurisdiction appears to be principally premised on Plaintiffs' claims for violations of Title VII of the Civil Rights Act of 1964.

Defendants now move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction due to the failure to exhaust administrative remedies, and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Alternatively, they move for a more definite statement under Rule 12(e).

## II.     Legal Standard

A complaint is subject to dismissal under Rule 12(b)(1) where the court lacks subject matter jurisdiction. The party invoking the court's jurisdiction—here, the plaintiffs—bear the burden of proving the actual existence of subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). Questions of subject matter jurisdiction may be considered on either a facial or factual basis. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving a factual attack, the district court need not presume the truthfulness of the plaintiff's allegations and may consider evidence beyond the pleadings. *Id.*

A complaint is also subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Rule 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"

2

will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

"*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks and citations omitted). "Dismissal of a pro se complaint without

3

leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citations omitted).

**III.   Discussion**

  **A.   42 U.S.C. § 1983**

  Plaintiffs' Amended Complaint invokes 42 U.S.C. § 1983 both expressly as a basis for federal jurisdiction and implicitly through their allegations that their "civil rights" were violated "under color of law."

  A person may be held liable for a civil rights violation under 42 U.S.C. § 1983 only if the person acted "under color" of state law within the meaning of the statute. Accordingly, § 1983 ordinarily applies only to government officials or to private individuals engaged in joint action with government officials. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008). In this case, Wal-Mart is a private business, the individual defendants and Plaintiffs are private individuals, and Plaintiffs do not allege any facts suggesting that Wal-Mart or the individual defendants acted under color of state law. Thus, the complaint fails to state a claim under § 1983, and § 1983 is not a legitimate basis for the exercise of this court's jurisdiction.

  **B.   Title VII**

  Plaintiffs also allege numerous claims for discrimination, harassment and retaliation under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. §§ 2000e-2, 2000e-3. Defendants move to dismiss all such claims for lack of subject matter jurisdiction due to the failure to exhaust administrative remedies, or, alternatively, for failure to state a claim.

    **1.   Subject matter jurisdiction**

  Exhaustion of administrative remedies is required in order to establish federal subject matter jurisdiction over a Title VII claim. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Under Title VII, a plaintiff must exhaust her or his administrative remedies by filing a

timely charge with the EEOC, or the appropriate state agency. *See* 42 U.S.C. § 2000e-5(b). This serves the important purposes of giving the charged party notice of the claim, affording the agency an opportunity to investigate the charge, and narrowing the issues for prompt adjudication and decision. *Id.*

Following exhaustion, a federal court's subject matter jurisdiction over Title VII claims "depends upon the scope of the both the EEOC charge and the EEOC investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). "Subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *B.K.B.*, 276 F.3d at 1100 (internal quotation marks and citation omitted). The court construes the language of EEOC charges "'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" *Id.* (citation omitted). Nonetheless, allegations of discrimination are within the court's jurisdiction only if the claims are "like or reasonably related to" the factual allegations contained in the EEOC charge. *Id.*

As to Plaintiff Neal Chambers, it is undisputed that Chambers filed no administrative charges with the EEOC or any state agency. Because Chambers failed to exhaust his administrative remedies, this court lacks jurisdiction over any and all of Chambers' claims under Title VII, including his claims for discrimination, harassment or hostile work environment, and retaliation. These claims must therefore be dismissed for lack of jurisdiction.

As to Plaintiff Mary Beth O'Riley, exhaustion is not alleged in the Amended Complaint. In opposition to the motion to dismiss, however, O'Riley submits copies of a Charge of Discrimination filed with the EEOC on June 21, 2010, and a right to sue letter issued by the EEOC on January 10, 2011. O'Riley checked the boxes for discrimination based on "sex" and "retaliation." Her accompanying factual statement includes allegations regarding an incident in March 2010 in which co-manager Bob Delicino revealed O'Riley's identity to a male co-worker

against whom she had filed a sexual harassment complaint, and an incident in April 2010 in which O'Riley was reprimanded and written up by Delicino for trading shifts with a co-worker.

Of the seven claims brought by O'Riley in the Amended Complaint, Counts 1 and 2 relate to the facts alleged in her EEOC charge. As to those claims, the court finds that O'Riley exhausted her administrative remedies, and the motion to dismiss for lack of subject matter jurisdiction shall be denied.

O'Riley also alleges five other claims for discrimination, harassment, and retaliation, which are unrelated to the facts alleged in her EEOC charge. These include Count 3 (terminated in retaliation for filing her EEOC charge), Count 15 (denied an annual raise in retaliation for filing her EEOC charge), Count 16 (compelled to cease affiliation with co-worker Neal Chambers), Count 21 (parking requirements), and Count 22 (car shot at with BB pellets). To the extent these claims are based on Title VII, the court lacks subject matter jurisdiction due to the failure to exhaust administrative remedies. The motion to dismiss shall be granted in this respect.

### 2. Failure to state a claim

Regarding the two Title VII claims that O'Riley did exhaust, Defendants alternatively move to dismiss the claims under Rule 12(b)(6) for failure to state a claim.

Title VII prohibits employment discrimination based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). To state a prima facie case of employment discrimination, Plaintiff must allege that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003).

Sexual harassment is a form of gender discrimination. "Sexual harassment, if committed or tolerated by the employer, becomes a new and onerous term of employment." *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). To prevail of a claim of sexual harassment based on a

6

hostile work environment, a plaintiff must show that: (1) she was subjected to verbal or physical conduct of a sexual nature, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995).

Title VII also prohibits retaliation by making it unlawful "for an employer to discriminate against any of [its] employees . . . because [she] has opposed any practice that is made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two. *Brooks*, 229 F.3d at 928 (citing *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997)).

### (a) Count 1

O'Riley first alleges that on April 23, 2010, upon reporting to work to cover a shift for a co-worker, she was verbally reprimanded in a hostile manner by co-manager Bob Delicino for violating company policy and forced to sign a document to that effect, despite the fact that the shift-trade had been pre-approved by management. O'Riley alleges that the female co-worker with whom she traded shifts was not similarly reprimanded, and that this "violated my equal rights as a fellow associate." O'Riley further alleges that Delicino's behavior was "related to the retaliation against me and Neal Chambers to marginalize our observations of theft [by other co-workers,] obstruct discovery of theft and misrepresentation of persons involved."

Such allegations fail to state a claim under Title VII. Title VII prohibits only discrimination and retaliation based on protected classes and protected conduct; it does not generally guarantee equal treatment among all employees as employees, nor prohibit retaliation generally. Thus, the allegations that O'Riley was treated differently than a fellow female employee and was retaliated

7

against to suppress her observations of employee theft are not within the purview of Title VII. As O'Riley's detailed factual allegations contain no suggestion that the discipline she received was on account of her gender or in retaliation for conduct protected under Title VII, Count 1 shall be dismissed.

### (b) Count 2

O'Riley next alleges that in February 2010, co-manager Bob Delicino informed a male co-worker that O'Riley had filed a written sexual harassment complaint against him while questioning him about the incident. O'Riley alleges that this was part of "ongoing harassment related to the retaliation against myself to marginalize my observations of theft" and "created a more hostile work environment." O'Riley alleges that the target of her complaint later said to her that he was aware she was the one who initiated the complaint against him; however, she does not allege suffering any further harassment related to her complaint.

Such allegations fail to state a claim for gender discrimination, harassment or retaliation. O'Riley does not allege that Delicino's actions were motivated by gender discrimination or because O'Riley had made a sexual harassment complaint against a co-worker. Instead, she specifically alleges that Delicino's conduct was motivated by an attempt to suppress opposition to employee thefts. Furthermore, even if her allegations could be liberally construed to allege retaliation for making a sexual harassment complaint, the alleged "harassment" inflicted upon her by Delicino does not constitute an adverse employment action sufficient to support a Title VII claim. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("conduct must be extreme to amount to a change in the terms or conditions of employment"). Thus, to the extent Count 2 is brought under Title VII, the claim shall be dismissed.

### C. Other Federal Claims

Plaintiffs have identified no other federal statute under which their remaining claims are based. Nor do Plaintffs' factual allegations suggest any viable claims under federal law. While the

Amended Complaint and opposition brief include references to OSHA and whistleblowing claims in regard to Plaintiff Chambers, Plaintiffs also concede that Chambers made no complaint to OSHA which might form the basis of a federal whistleblower claim. Likewise, while the Amended Complaint contains repeated references to "racketeering," Plaintiffs make no reference to the federal RICO statute, nor do their allegations remotely resemble the elements of a claim under 18 U.S.C. §§ 1962 and 1964(c). *See Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001).

### D. State Law Claims

The remainder of Plaintiffs claims are based on state law. However, in the absence of any viable causes of action based on federal law, this court declines to exercise its supplemental jurisdiction over the remaining state law claims. Thus, without addressing the merits of Plaintiffs' allegations, the court will dismiss Plaintiffs state law claims without prejudice to the filing of such claims in state court.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#23) is GRANTED. Plaintiffs' Amended Complaint (#10) is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 26th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE