**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
LLOYD D. GEORGE UNITED STATES COURTHOUSE
333 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NV 89101

DEBRA K. KEMPI                                                              TELEPHONE (702) 464-5456
CLERK OF COURT

October 14, 2021

Mary B. O'Riley
2795 E. 4th Street, Apt. 8
Reno, NV 89512

Neal Chambers
P.O. Box 40804
Reno, NV 89504

David Robert Keene, II
Office of the Attorney General
Bureau of Litigation – Personnel
555 E. Washington Ave., #3900
Las Vegas, NV 89101

Jamie Chu
Federal Express Corporation
2601 Main Street, Suite 340
Irvine, CA 92614

Roger L. Grandgenett
Littler Mendelson, PC
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169

Re:   O'Riley, *et al.,* v. Walmart Stores, Inc., *et al.,* Case No.:  3:11-CV-00232-LRH-WGC

Dear Ms. O'Riley and Mr. Chambers and Counsel,

    I have been contacted by Judge Larry R. Hicks, who presided over the above-mentioned case in 2011 and 2012.  The federal claims in this case were dismissed by Judge Hicks and the state claims were dismissed without prejudice.

Mary B. O'Riley
October 14, 2021
Page Two

    Judge Hicks informed me that he recently learned that while he presided over the case he had a conflict of interest because he owned stock in Wal-Mart Stores, Inc. His ownership of stock neither affected nor impacted his decision in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges. Thus, Judge Hicks directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained that "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

    Based on Advisory Opinion 71, you are invited to respond to Judge Hicks' disclosure of a conflict in this case. Should you wish to respond, please submit your response directly to me, not to Judge Hicks, by November 12, 2021. Any response will be considered by another judge of this court without Judge Hicks' participation.

    Sincerely,

    DEBRA K. KEMPI
    Clerk of Court